# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:11cv324

| | |
|---|---|
| **ROSLYN PEREZ-WRIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| Vs. ) | **ORDER OF** |
| ) | **DISMISSAL** |
| **FINISH LINE,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's application to proceed in forma pauperis and initial review as required under 28, United States Code, Section 1915(e)(2). Review of the 2011 Health and Human Services Poverty Guidelines provides that for a household of one person, that income less than $10,890.00 falls below the federal poverty measure as determined by the government.[1] While plaintiff's family income falls above the poverty line, it does not appear that plaintiff has funds with which to pay the required filing fee at this time and appears to have monthly expenses that well exceed monthly income. The court will allow the application, but stay issuance and service of process pending review under Section 1915(e)(2), which hereinafter follows.

Having allowed plaintiff to proceed *in forma pauperis*, the court has conducted a review of the *pro se* Complaint in accordance with 28, United States Code, Section

---

[1] See http://www.aspe.hhs.gov/poverty/11poverty.shtml.

1915(e)(2). Review of the Complaint, which is on a form used in bringing Title VII cases, reveals that plaintiff is attempting to allege a claim under the Americans with Disabilities Act ("ADA") under 42 U.S.C. § 12101 *et seq*. Specifically, plaintiff appears to contend that she was injured on the job, that she went on workers compensation, that her employer terminated her employment, that her doctor told her she was completely disabled, and that she filed a complaint with the EEOC.

Despite such allegations, plaintiff has not alleged plausible facts that could support either a wrongful termination, failure to accommodate, or retaliation claim under the ADA. While plaintiff's failure to allege sufficient facts to support her ADA claim is not determinative at this point (as the court would have been inclined to allow plaintiff to file an Amended Complaint), review of the Complaint reveals that plaintiff has alleged that the discriminatory acts occurred on March 1, 2010, and that she filed her claim with the EEOC on December 3, 2010. Under the ADA, such filing was untimely as iut was substantially more than 180 days after the date of the allegedly discriminatory acts.

The filing of timely charges with the EEOC is a prerequisite to commencement of ADA action. Section 107 of the ADA adopts the powers, remedies, and procedures set forth in the enforcement provisions of Title VII. 42 U.S.C. § 12117(a). Failure to meet the statutory requirements constitutes an ***absolute bar*** to any ADA claim plaintiff has presented. Lay v. Bethlehem Steel, 542 F. Supp. 9 (D.Md.), *aff'd*, 681 F.2d 814 (4th Cir.), *cert. denied*, 459 U.S. 1074 (1982). The 180-day period within which to complain to the EEOC begins when the discriminatory act occurs, which plaintiff has clearly alleged as being more than

180 days before she complained to the EEOC. <u>Delaware State College v. Ricks</u>, 449 U.S. 250 (1980).

Having carefully considered plaintiff's Complaint, it appears that this action must be dismissed. Section 1915(e)(2) provides, as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Not only has a plausible claim not been factually stated, plaintiff has failed to file a timely charge of discrimination, which cannot be cured by amendment.

## ORDER

**IT IS, THEREFORE, ORDERED** plaintiff's application to proceed *in forma pauperis* is **GRANTED**, but that process not issue, and this action is **DISMISSED** in accordance with Section 1915(e)(2)(B)(ii) as this court lacks subject matter jurisdiction as plaintiff failed to file a timely charge of discrimination with the EEOC.

The Clerk of this court shall enter a judgment consistent herewith.

## Advice of Appellate Rights

In accordance with <u>Wilder v. Chairman of the Central Classification Bd.</u>, 926 F.2d 367, 371

(4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals for the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: October 31, 2011

Max O. Cogburn Jr.
United States District Judge